# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMMY STANSELL, : | PRISONER CIVIL RIGHTS |
| Inmate No. 25156, : | 42 U.S.C. § 1983 |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:08-CV-1397-RWS |
| : | |
| JAMES E. DONALD; HILTON : | |
| HALL, : | |
| Defendants. : | |

## ORDER AND OPINION

On April 10, 2008, Plaintiff submitted the instant civil rights action pursuant to 42 U.S.C. § 1983, regarding claims that arose during Plaintiff's incarceration at the Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia. Plaintiff is presently incarcerated at the Macon State Prison in Oglethorpe, Georgia. The matter is before this Court on Defendants' motion to dismiss with accompanying exhibits and affidavits [Doc. 27]; Plaintiff's letter in opposition thereto [Doc. 31]; and Defendants' reply [Doc. 32].

In the original complaint, Plaintiff alleged, inter alia, that: (1) he has been refused Interferon treatment for his Hepatitis C and that he has not received hip replacement surgery due to the cost thereof, despite that both the treatment and the

surgery were ordered by his doctor; and (2) prison doctors have refused to fix his teeth after making him a plate for his top and bottom teeth. By Order entered on January 2, 2009 [Doc. 18], this Court dismissed as frivolous Plaintiff's deliberate indifference claim with regard to his teeth, and allowed the deliberate indifference claims regarding the failure to provide him with the Interferon treatment and hip replacement surgery to proceed.

On March 31, 2009, Defendants filed their motion to dismiss, in which they claim that the action should be dismissed because: (1) Plaintiff's claim for injunctive relief is moot; (2) Plaintiff failed to exhaust his administrative remedies; (3) the Eleventh Amendment prohibits Plaintiff from collecting damages from Defendants in their official capacities; and (4) Plaintiff fails to state a claim against Defendants in their individual capacities. [Doc. 27].

**I.  Discussion**

    A.  Plaintiff's Request for Injunctive Relief is Moot.

Plaintiff asks for injunctive relief in the form of hip replacement surgery. Federal courts, however, have the authority to decide only actual, ongoing cases or controversies under Article III of the United States Constitution. U.S. Const. art. III; Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "The doctrine

AO 72A
(Rev.8/82)

of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County School Bd., 112 F. 3d 1475, 1477 (11th Cir. 1997). The central question of all mootness problems is whether changes in the circumstances that existed at the beginning of litigation have forestalled any occasion for meaningful relief. Public Serv. Co. of New Hampshire v. Consolidated Utils. & Commc'ns, Inc., 846 F.2d 803, 810 (1st Cir. 1998). A claim must be dismissed as moot when effective relief cannot be granted because of later events. Westmoreland v. National Transp. Safety Bd., 833 F.2d 1461, 1462 (11th Cir. 1987).

In this case, Plaintiff seeks equitable relief in the form of hip replacement surgery. Since filing the instant action, Plaintiff has, in fact, received such surgery. [Doc. 22]. Thus, due to these events that occurred after Plaintiff filed his complaint, his request for injunctive relief with regard to his hip surgery is moot.

B.  Plaintiff Has Failed to Exhaust Administrative Remedies.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . ., or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." This section mandates

3

exhaustion of a prisoner's administrative remedies and courts do not have discretion to waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); Bryant v. Rich, 530 F.3d 1368, 1372-73 (11th Cir.), cert. denied, ___ U.S. ___, 129 S. Ct. 733 (2008); Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Moreover, even if a prisoner has initiated a grievance procedure, he must fully complete that process before filing a lawsuit. See Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (holding prisoner required to seek leave to file out-of-time grievance appeal prior to bringing suit). Although the PLRA's exhaustion requirement technically applies to those actions brought by prisoners "with respect to prison conditions," 42 U.S.C. § 1997e(a), the expansive reading given the exhaustion requirement effectively results in its application to all prisoner suits with respect to the effects of actions by government officials on the lives of persons confined in prison. Dillard v. Jones, 89 F. Supp. 2d 1362, 1368 (N.D. Ga. 2000) (Forrester, J.), aff'd, 46 F. App'x 617 (11th Cir. 2002).

In support of their motion to dismiss for failure to exhaust administrative remedies, Defendants attach the affidavit of James T. Brown, grievance officer and record custodian for all inmate grievances at the GDCP. [Doc. 27, Exh. A (hereinafter "Brown Aff.")]. Mr. Brown states that the grievance procedure at the

4

GDCP (which is detailed in an inmate handbook given to all inmates upon arrival at the GDCP) starts with an inmate submitting an informal grievance form no later than ten days after the inmate knew or should have known of the facts giving rise to the grievance. (Brown Aff. at ¶ 9). Under the procedure, the inmate's counselor investigates the matter and provides a written response to the informal grievance. (Id. at ¶ 12). If the inmate is not satisfied with the proposed resolution of the informal grievance, he may file a formal grievance within five days of receipt thereof. (Id. at ¶¶ 13, 14). In response to the formal grievance, the inmate's counselor prepares a report summarizing the facts of the complaint and his or her findings, and makes a recommendation to the Warden. (Id. at ¶ 15). The Warden then provides a written response to the inmate which sets forth the reasons for the decision reached. (Id. at ¶ 16). In the Warden's response, the inmate is advised of the appeal procedure and is given an opportunity to receive a grievance appeal form. (Id. at ¶ 16). Thereafter, the procedures permit an inmate to appeal a grievance decision to the Georgia Department of Corrections ("GDC") Commissioner's Office within five business days of the appealed decision. (Id. at ¶ 17). Once an appeal is filed, the Office of Administrative Appeals ("OIA") has ninety days to respond thereto. (Id. at ¶ 23).

Mr. Brown states that November 20, 2007, during Plaintiff's incarceration at the GDCP, Plaintiff filed an informal grievance requesting hip replacement surgery and medication to help him sleep. (Brown Aff. at ¶ 20). His counselor apparently responded to the grievance by recommending pain medication. (Id. at ¶ 20). Plaintiff then filed a formal grievance with Warden Hall. (Id. at ¶ 21). After conducting a review, Warden Hall denied Plaintiff's formal grievance in writing, finding that Plaintiff had received adequate health care. (Id.). On March 18, 2008, Plaintiff filed an appeal of Warden Hall's response to his formal grievance. (Id. at 22). Plaintiff signed the instant complaint a few weeks later on April 4, 2008, and it was filed on April 10, 2008, well before the expiration of the ninety-day period within which the GDC had to respond. [Doc. 1]. Plaintiff never filed any type of grievance with regard to his claim that he has been refused Interferon treatment for his Hepatitis C while he was incarcerated at the GDCP. [Brown Aff. at ¶ 25].[1]

---

[1] Defendants also have submitted affidavits from the grievance coordinators at Bostick State Prison and the Georgia State Prison, where Plaintiff subsequently was transferred after he was incarcerated at the GDCP. [Doc. 27, Exhs. B, C]. Both of these affidavits indicate that Plaintiff did not pursue his administrative remedies involving his hip further than an informal grievance at either of these institutions, and that he never filed a grievance regarding the Interferon treatment. [Doc. 27, Exh. B at ¶¶ 13, 14]; Exh. C at ¶¶ 12, 13].

6

In responding to the motion to dismiss, Plaintiff admittedly did not wait for the GDC's decision of his grievance appeal before filing his lawsuit; nor did he file a grievance with regard to the Interferon treatment for Hepatitis C. [Id.].[2] Plaintiff appears to claim, however, that either of these actions would have been futile. [Id.].

Because Congress has provided that exhaustion is mandatory, this Court cannot read a futility exception into the PLRA. See Booth, 532 U.S. at 742 n.6 (stating that Congress has provided in the PLRA that an inmate must exhaust administrative remedies and stressing that where Congress has provided otherwise, the Court will not read futility and other exceptions into statutory exhaustion requirements); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) ("[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile."). Thus, Plaintiff has failed to exhaust his administrative remedies. Compare Lyons v. Serrano, 205 F. App'x 719, 724 (11th Cir. 2006) (finding inmate did not exhaust administrative remedies where, inter alia, he filed his lawsuit before receiving a response to his

---

[2] Although Defendants complain that Plaintiff's response to the motion to dismiss is untimely, based on his pro se status, the Court will consider his response in discussing the issues.

7

grievance). Accordingly, this Court is prohibited under 28 U.S.C. § 1997e(a) from granting the relief requested.[3]

## II. Conclusion

In light of the foregoing analysis, Defendants' motion to dismiss Plaintiff's claim for injunctive relief with regard to his request for a hip replacement is hereby **GRANTED**, as any such relief is now moot.

Defendants' motion to dismiss Plaintiff's remaining claims for his failure to exhaust administrative remedies [Doc. 27] is hereby **GRANTED**, and the remainder of this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this  1st  day of July, 2009.

_____
**RICHARD W. STORY**
United States District Judge

---

[3] Because the Court finds that dismissal of Plaintiff's claims is warranted based upon mootness of Plaintiff's request for injunctive relief and his failure to exhaust administrative remedies, the Court does not discuss Defendants' remaining arguments for dismissal.

8

9